UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TAMMY PUDAS | CIVIL ACTION |
| VERSUS | NO: 18-10052 |
| ST. TAMMANY PARISH, LOUISIANA, RANDY SMITH, AND PAT BRISTER, IN THEIR OFFICIAL CAPACITIES | SECTION: "J"(3) |

## ORDER

Before the Court is a *Motion to Dismiss* **(Rec. Doc. 16)** filed by Defendant, Sheriff Randy Smith, in his official capacity ("the Sheriff"). Plaintiff, Tammy Pudas, opposes the motion (Rec. Doc. 19). The Sheriff filed a reply (Rec. Doc. 22). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

## FACTS AND PROCEDURAL HISTORY

This litigation arises from an incident in which Plaintiff alleges that she was arrested for asking for money under an overpass near the intersection of Highway 190 and Highway 22 in Covington, Louisiana. Plaintiff alleges that St. Tammany Parish Sheriff's deputies issued her a citation for violating the St. Tammany Parish Ordinance prohibiting solicitation on a public highway. However, Plaintiff asserts that she was instead charged with violating the Ordinance prohibiting peddling without a permit. The latter charge is currently pending in misdemeanor court in St. Tammany Parish. Plaintiff filed the instant suit in federal court on October 26, 2018,

1

alleging that both Ordinances violate her constitutional rights under the First Amendment.

## **LEGAL STANDARD**

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (internal citations omitted). The allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

"Under Rule 12(b)(6), a claim may be dismissed when a plaintiff fails to allege any set of facts in support of his claim which would entitle him to relief." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citing *McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561 (5th Cir. 1998)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The court is not, however, bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678. "[C]onclusory

allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor*, 296 F.3d at 378.

## PARTIES' ARGUMENTS

### A. *The Sheriff's Motion*

The Sheriff first notes that a suit against him in his official capacity is truly a suit against the St. Tammany Parish Sheriff, a political subdivision. (Rec. Doc. 16-2 at 4). Thus, the Sheriff contends that Plaintiff's § 1983 claims must satisfy the requirements outlined in *Monell v. New York City Department of Social Services*. (Rec. Doc. 16-2 at 4). The Sheriff emphasizes that the United States Supreme Court has held that establishing the liability of a government body under § 1983 requires a finding that official policy is the moving force behind the constitutional violation. (Rec. Doc. 16-2 at 4).

The Sheriff argues that in this case, Plaintiff's allegations that (1) the Sheriff enforces the St. Tammany Parish Code of Ordinances in the parish and (2) by enforcing the Ordinance at Section 32-71, the Sheriff violated Plaintiff's First Amendment right to solicit something of value are insufficient to support *Monell* liability. (Rec. Doc. 16-2 at 5, 6). Specifically, the Sheriff argues that no policy or custom is mentioned, and the facts alleged are insufficient "to show a pattern or practice of violating the constitutional right to freedom of speech that is so persistent and widespread as to constitute an official custom attributable to [the Sheriff]." (Rec. Doc. 16-2 at 6).

The Sheriff contends that Plaintiff's position that the Sheriff may be held liable under § 1983 for enforcing a parish ordinance is "inconsistent with *Monell*'s requirement that a municipal policy be the 'moving force' behind the constitutional violation." (Rec. Doc. 16-2 at 7). The Sheriff asks the Court to find that given that Louisiana law requires the Sheriff to enforce the St. Tammany Parish Code of Ordinances, the Sheriff's enforcement of the ordinances at issue cannot form the basis of a section 1983 claim against the St. Tammany Parish Sheriff's Office. (Rec. Doc. 16-2 at 8, 9). The Sheriff also argues that he cannot be held liable for the alleged unconstitutionality of an Ordinance that Plaintiff is charged with violating because the District Attorney of St. Tammany Parish has the sole discretion to determine the charge against an offender; the Sheriff may only issue a citation for a particular offense. (Rec. Doc. 16-2 at 9).

Finally, the Sheriff emphasizes that the Sheriff cannot be held liable under § 1983 because he is not a policymaker as to parish ordinances. (Rec. Doc. 16-2 at 9). Rather, "the power and authority to pass parish ordinances rests solely with the St. Tammany Parish Government." (Rec. Doc. 16-2 at 10). Because the Sheriff cannot modify, nor did he create or pass the Ordinances alleged to be unconstitutional, he asserts that the Sheriff is not the appropriate party for attaching municipal liability under § 1983. (Rec. Doc. 16-2 at 11, 12).

### B. *Plaintiff's Opposition*

Plaintiff raises three arguments in opposition. (Rec. Doc. 19). First, Plaintiff argues that she is not required to allege facts against the Sheriff "personally" since

4

he is sued only in his official capacity. (Rec. Doc. 19 at 4-5). Plaintiff must simply allege facts that state a plausible claim against the St. Tammany Sheriff as an entity. (Rec. Doc. 19 at 5).

Next, Plaintiff contends that "[s]ince Plaintiff sued the Sheriff's Office as an entity, any judgment would be directed to the entity rather than a particular deputy." (Rec. Doc. 19 at 5). Plaintiff asserts that a state official's ability to enforce an unconstitutional statute constitutes an ongoing violation in the context of the *Ex Parte Young* exception to immunity. (Rec. Doc. 19 at 5). Plaintiff notes that she has alleged an ongoing violation of the First Amendment and seeks prospective relief. (Rec. Doc. 19 at 6). Plaintiff argues that "[b]y its actions and duties according to state law, the Sheriff has shown a willingness to enforce criminal laws." (Rec. Doc. 19 at 6).

Finally, Plaintiff argues that her Amended Complaint alleges sufficient facts against the Sheriff. (Rec. Doc. 19 at 6). Because the Sheriff is a state official, Plaintiff contends that the Sheriff is not subject to the control or commands of the Parish government. (Rec. Doc. 19 at 6-7). Thus, Plaintiff concludes that "the Sheriff is a policymaker when it comes to who and when to arrest for local and state statutes." (Rec. Doc. 19 at 7). Plaintiff also notes that if this Court dismissed the Sheriff from the instant litigation and Plaintiff subsequently obtained declaratory and injunctive relief, "she would not be able to prevent Sheriff deputies from ticketing citizens for violations of the enjoined statute." (Rec. Doc. 19 at 7).

### C. The Sheriff's Reply

In reply, the Sheriff reasserts that Plaintiff's Amended Complaint does not allege a viable § 1983 claim against the Sheriff. (Rec. Doc. 22 at 1). The Sheriff first argues that he does not misstate the law regarding official capacity suits and he makes no argument that Eleventh Amendment immunity is applicable. (Rec. Doc. 22 at 1, n. 1).

The Sheriff goes on to emphasize that *Monell*'s policy or custom requirement applies regardless of whether the plaintiff seeks money damages or prospective relief, and the two threadbare allegations against the Sheriff in Plaintiff's Amended Complaint are insufficient to support *Monell* liability against the Sheriff. (Rec. Doc. 22 at 2). Therefore, because Plaintiff has failed to identify any policy or custom of the Sheriff that allegedly resulted in a violation of her constitutional rights, all § 1983 claims against the Sheriff must be dismissed with prejudice. (Rec. Doc. 22 at 2-3).

### **DISCUSSION**

Plaintiff sues the Sheriff in his official capacity. Given that "[o]fficial capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent," *Burge v. Par. of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999), Plaintiff's claims against the Sheriff in his official capacity are actually claims against the local government entity he serves—the St. Tammany Parish Sheriff's Office. *See Bean v. Pittman*, No. CIV.A. 14-2210, 2015 WL 350284, at *2 (E.D. La. Jan. 26, 2015). Because the St. Tammany Parish Sheriff's Office is a municipal entity,

Plaintiff's § 1983 claims against the Sheriff must satisfy the requirements outlined by the United States Supreme Court in *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Under *Monell*, a plaintiff asserting a § 1983 claim against a municipality must allege (1) the existence of an official policy or custom, (2) a policymaker's actual or constructive knowledge of the policy or custom, and (3) a constitutional violation where the policy or custom is the "moving force." *Valle v. City of Houston*, 613 F.3d 536, 541-42 (5th Cir. 2010).

An "official policy or custom" may be "an actual policy, regulation or decision that is officially adopted and promulgated by lawmakers or others with policymaking authority." *Valle*, 613 F.3d at 542. It may also be "a persistent, widespread practice which, although not officially promulgated, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Esteves v. Brock*, 106 F.3d 674, 677 (citing *Monell*, 436 U.S. at 694). However, "[a] plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." *Colle v. Brazos County, Texas*, 981 F.2d 237, 245 (5th Cir. 1993). A plaintiff must actually identify the policy or custom that allegedly resulted in a deprivation of her constitutional rights. *See, e.g., Murray v. Town of Mansura*, 76 Fed.Appx. 547, 549 (5th Cir. 2003); *Treece v. Louisiana*, 74 Fed.Appx. 315, 316 (5th Cir. 2003).

Regarding the second and third requirements under *Monell*, "[a]ctual or constructive knowledge of [a] custom must be attributable to the governing body of the municipality or to an official to whom that body has delegated policymaking authority." *Valle*, 613 F.3d at 542 (quoting *Webster v. City of Houston*, 735 F.2d 838,

7

842 (5th Cir. 1984) (en banc)). A plaintiff satisfies the "moving force" requirement by "show[ing] that the municipal action was taken with the requisite degree of culpability and [demonstrating] a direct causal link between the municipal action and the deprivation of federal rights." *Id.* (quoting *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997)). Thus, "the plaintiff must demonstrate that a municipal decision reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow the decision." *Id.* (quoting *Brown*, 520 U.S. at 411).

In the instant case, Plaintiff has not identified any policy or custom attributable to the St. Tammany Parish Sheriff's Office that caused the alleged violation of her First Amendment rights. Plaintiff alleges generally that the Sheriff "is charged with enforcing the St. Tammany Parish Code of Ordinances throughout St. Tammany Parish." (Rec. Doc. 5 at 2). Plaintiff goes on to allege that "[a]s a direct result of enforcement of the Ordinances, Plaintiff was cited and prosecuted for exercising her First Amendment rights to solicit something of value." (Rec. Doc. 5 at 7). In other words, Plaintiff appears to allege that because the Sheriff enforces the ordinances at issue, he may be held liable in his official capacity under § 1983. This Court disagrees.

The Fifth Circuit has rejected the premise that a municipal defendant may be held liable under § 1983 for enforcement of a state statute that mandates a particular course of action, finding that it is inconsistent with *Monell*'s requirement that a municipal policy be the "moving force" behind the constitutional violation.

8

Specifically, in *Familias Unidas v. Briscoe*, the Fifth Circuit concluded that a county was not liable for a judge's enforcement of a state statute that required an organization to disclose the names of members who were boycotting public schools, reasoning that the judge's "duty in implementing [the statute], *much like that of a county sheriff in enforcing a state law*, may more fairly be characterized as the effectuation of the policy of the State … for which the citizens of a particular county should not bear singular responsibility." 619 F.2d 391, 404 (5th Cir. 1980) (emphasis added); *see also Crane v. State of Texas*, 759 F.2d 412, 430 n. 19 (5th Cir.), amended on denial of reh'g, 766 F.2d 193 (5th Cir. 1985) ("[L]ocal governments and their officials who act in conformance with a state statutory scheme will not be held liable for § 1983 damages if the scheme is later held unconstitutional."). More recently in *Cain v. City of New Orleans*, Judge Vance concluded that the reasoning of *Familias Unidas* and *Crane* applied where plaintiffs urged the Court to accept the premise that a municipal defendant may be held liable under § 1983 for enforcing a state statute that requires parish sheriffs to collect fees on bail bonds and distribute the proceeds according to a statutory formula. No. CV 15-4479, 2016 WL 2849498, at *8 (E.D. La. May 13, 2016). In light of the Court's finding that the statutes at issue in that case left no room for discretion in enforcement, Judge Vance held that "[t]he statutes therefore reflect Louisiana law, not the policy of the Orleans Parish Sheriff's Office. Thus, Sheriff Gusman's enforcement of the relevant provisions cannot be the basis for a section 1983 claim [against] the Sheriff's Office." *Id.* at *9.

The reasoning in *Familias Unidas*, *Crane*, and *Cain* is applicable by extension here. The parties do not dispute that the Sheriff is charged with enforcing the St. Tammany Parish Code of Ordinances. (*See* Rec. Docs. 5 at 2 and 8 at 8). Moreover, Plaintiff neither alleges facts nor cites law to suggest that the Sheriff has discretion regarding whether to enforce the St. Tammany Parish Code of Ordinances he is charged with enforcing. Plaintiff's conclusory allegation that "the Sheriff is a policymaker when it comes to who and when to arrest for local and state statutes" is insufficient to even suggest the existence of an official policy or custom. The Fifth Circuit has explained that "[t]he description of a policy or custom and its relationship to the underlying constitutional violation … cannot be conclusory; it must contain specific facts." *Spiller v. City of Texas City, Police Department*, 130 F.3d 162, 167 (5th Cir. 1997) (citations omitted).

In the absence of any plausible allegation that the ordinances or their enforcement constitute the policy of the St. Tammany Parish Sheriff's Office, that the Sheriff qualifies as a policymaker with respect to the ordinances at issue, or that there was a pattern of unconstitutional conduct, the Court concludes that the Sheriff's enforcement of the ordinances at issue cannot form the basis of a § 1983 claim against him in his official capacity. Plaintiff has failed to allege that an official custom or policy of the Sheriff was the moving force behind the alleged violations of her

constitutional rights, and her § 1983 claim against the Sheriff in his official capacity must be dismissed.[1]

## **CONCLUSION**

Accordingly,

**IT IS ORDERED** that the motion to dismiss (Rec. Doc. 16) is **GRANTED**. Plaintiff's § 1983 claims against the Sheriff in his official capacity are **DISMISSED with prejudice**.

New Orleans, Louisiana, this 6th day of June, 2019.

*[signature]*
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

---

[1] This Court need not address Plaintiff's constitutional challenge to the ordinances in order to resolve the Sheriff's motion to dismiss. This Court also declines to address the parties' arguments concerning Plaintiff's entitlement to attorneys' fees at this stage of the litigation.